OPINION OF THE COURT
John A. Milano, J.
Petitioners bring this holdover proceeding pursuant to subdivision A of section 53 of the Code of the Rent Stabilization Association of New York City on the grounds that the tenant is violating a substantial obligation of her tenancy in that the said tenant in contravention of the terms of her lease has sublet or assigned the apartment premises to one “Jane” Dattoma. Paragraph 4 of the said lease entitled: “Occupants and Use”, states: “The apartment may only be used and occupied for dwelling purposes by the named tenant or tenants and immediate family at the time of the signing of this lease. Tenant will not allow the apartment to be occupied by any roomer or boarder and will not sublet the apartment or any part thereof nor assign this lease, except as permitted by Section 226 of the Real Property Law.”
The inquest disclosed that the respondent Agnes Taylor was the named tenant on a one-year lease commencing May 1,1982; that the tenant had not made any application pursuant to section 226-b of the Real Property Law for *363 permission to sublet or assign; that the said respondent “Jane” Dattoma entered onto the premises; that she was not related or a member of the immediate family of Agnes Taylor, the said tenant; that the said Agnes Taylor vacated the premises leaving the said “Jane” Dattoma as the sole occupant without the consent or permission of the landlord petitioner.
On June 30, 1983, Governor Mario Cuomo signed into law an omnibus act amending the Emergency Tenant Protection Act of 1974, the Administrative Code of the City of New York, the Civil Practice Law and Rules, Multiple Dwelling Law, Real Property Law and Real Property Actions and Proceedings Law, in relation, among other things, to residential tenancies, including subletting and occupancy by persons other than the tenant (L 1983, ch 403). The Real Property Law was amended by adding a new section, 235-f, effective immediately, to read as follows:
“§ 235-f. Unlawful restrictions on occupancy. 1. As used in this section, the terms:
“(a) ‘Tenant’ means a person occupying or entitled to occupy a residential rental premises who is either a party to the lease or rental agreement for such premises or is a statutory tenant pursuant to the emergency housing rent control law or the city rent and rehabilitation law or article seven-c of the multiple dwelling law.
“(b) ‘Occupant’ means a person, other than a tenant or a member of a tenant’s immediate family, occupying a premises with the consent of the tenant or tenants.
“2. It shall be unlawful for a landlord to restrict occupancy of residential premises, by express lease terms or otherwise, to a tenant or tenants or to such tenants and immediate family. Any such restriction in a lease or rental agreement entered into or renewed before or after the effective date of this section shall be unenforceable as against public policy.
“3. Any lease or rental agreement for residential premises entered into by one tenant shall be construed to permit occupancy by the tenant, immediate family of the tenant, one additional occupant, and dependent children of the occupant” (Emphasis added.) *364 Subdivision 6 of section 235-f states: “No occupant nor occupant’s dependent child shall, without express written permission of the landlord, acquire any right to continued occupancy in the event that the tenant vacates the premises or acquire any other rights of tenancy; provided that nothing in this section shall be construed to reduce or impair any right or remedy otherwise available to any person residing in any housing accommodation on the effective date of this section which accrued prior to such date.”
Because of the retroactive feature of subdivision 2 of section 235-f of the Real Property Law, the lease provisions of the petitioner landlord restricting use of the apartment premises “only * * * by the named tenant * * * and immediate family” are unenforceable as against public policy. And it is also clear that the protective features of subdivision 3 of section 235-f of the Real Property Law apply to the respondent “Jane” Dattoma. But the tenant, Agnes Taylor, in vacating, triggered subdivision 6 of section 235-f which would deny the right of the said respondent Dattoma to continue to occupy the apartment premises without the express written permission of the landlord. And without a prior application by the tenant pursuant to the old section 226-b of the Real Property Law for permission to sublet, it cannot be said that any additional rights or remedies of the occupant prior to the effective date of said subdivision 6 of section 235-f have been impaired. Accordingly, final judgment of possession for the petitioners with the issuance- of the warrant of eviction forthwith.